ROBERT J. TOD, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.*

Supreme Court, Appellate Term, First Department, July 1, 1927.

**Street railways — negligence — injuries to persons — action for injuries suffered when plaintiff fell on wet paper on subway steps — complaint dismissed where proof fails to show defendant was negligent.**

The complaint in this action for injuries suffered when the plaintiff fell on a wet paper lying on the steps in defendant's subway, must be dismissed, in the absence of proof that the condition of the stairway, caused by the lying of the wet paper thereon, was the result of defendant's negligence.

APPEAL by defendant from judgment of Municipal Court, Borough of Manhattan, Seventh District.

The evidence shows that on or about the 24th of August, 1926, at seven-thirty P. M. defendant maintained and controlled a station at the corner of One Hundred and Sixteenth street and Lenox avenue in the city of New York for the purpose of receiving and discharging passengers to the trains operated by it in the subway. At the time mentioned plaintiff, while descending to the platform to board one of the trains operated by defendant, fell down the staircase and received injuries for which he seeks recovery. It had been raining on the day in question but the rain stopped at about four o'clock in the afternoon although, as disclosed by the record of the Weather Bureau, the drizzle continued until seven P. M., the precipitation between four and seven being less than three-one-hundredths of an inch. Plaintiff slipped on a wet paper lying on the stairway, his leg was twisted and he fell head first down the rest of the steps. Defendant called as a witness a porter who testified that it was his duty to look after, sweep and keep clean the staircases, that he left the station on the night mentioned at about seven P. M. and that immediately before leaving he had made an inspection of all the stairs leading to the platforms and left them clean. This testimony was not controverted. Plaintiff testified that he had once seen the porter fast asleep while supposedly on duty and also that the condition of the station was dirty and filthy for a long time prior to the accident. He also testified that for some time prior to the accident he had been in the habit of using the same staircase, and that it was maintained in a filthy condition.

*James L. Quackenbush* [*B. H. Ames* of counsel], for the appellant.

*Poore & Webster*, for the respondent.

* Revg. 129 Misc. 156.

PER CURIAM. Plaintiff failed to establish that the condition of the subway stairway caused by the lying of the wet paper thereon, upon which plaintiff slipped, was the result of the negligence of the defendant.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.